IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DANIEL B. BENDA, JR.,**
**BRUCE P. BENDA, and**
**D.B. BENDA & SONS,**
**Defendants Below, Petitioners**

**FILED**
**June 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-309**          (Cir. Ct. Fayette Cnty. Case No. CC-10-2022-C-145)

**WVA MANUFACTURING, LLC,**
**Plaintiff Below, Respondent**


### MEMORANDUM DECISION

Petitioners Daniel B. Benda, Jr., Bruce P. Benda, and D.B. Benda & Sons appeal the July 8, 2024, order from the Circuit Court of Fayette County. The order granted the motion for summary judgment filed by Respondent WVA Manufacturing, LLC, by quieting title to two disputed parcels of land and dismissed the case. Respondent filed a response.[1] Petitioners filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Initially, this case arose when respondent filed a complaint against petitioners on December 29, 2022, seeking to quiet title to a parcel of land containing three tracts and totaling approximately 150.13 acres upon which respondent's metallurgical processing plant is located ("Subject Property"). Petitioners filed an answer which included a counterclaim for unjust enrichment and a third-party complaint.[2] However, petitioners' arguments on appeal focus solely on the circuit court's determination that certain business agreements between respondent and West Virginia Environmental Services, Inc. ("WVES") were privileged and not subject to discovery. For context, WVES is a named

---

[1] Petitioners are represented by John W. Alderman III, Esq. Respondent is represented by Tonya P. Shuler, Esq.

[2] The record reflects that these issues, among others, were disposed of by prior circuit court rulings and that the only outstanding matter for the purposes of the order on appeal was the quiet title action.

party within the Subject Property's chain of title, and WVES is also the named grantor in the subject deed from which petitioners claimed their alleged interest in the Subject Property. Thus, due to the narrow issue on appeal, a full recitation of the facts of this case is unnecessary.

Suffice it to say that issues arose when respondent became aware that petitioners were attempting to assert ownership over a portion of the Subject Property, which is located at the parcel's southernmost point and to the east of an area referred to as Jarrett Branch. Petitioners rested their claim on a deed dated August 28, 2021 ("August Deed"), in which WVES conveyed to petitioners three contiguous tracts of land without the benefit of a title examination. From that conveyance, respondent maintained that petitioners' second and third tracts encroached upon its property. Petitioners ultimately conceded this point at summary judgment after both parties obtained expert opinions from professional surveyors who agreed that the August Deed resulted in the second and third tracts of petitioners' parcel encroaching upon respondent's property.

Turning to the facts surrounding the issue on appeal, during discovery respondent objected to petitioners' request for the production of written business agreements between respondent and WVES. Respondent maintained that the business agreements were confidential, privileged, and irrelevant to resolution of any of the parties' claims. At a pre-trial hearing on February 5, 2024, the circuit court addressed this issue and directed respondent to file a privilege log of the WVES agreements for the purposes of an in camera review. The privilege log contained two agreements between WVES and West Virginia Alloys ("WVA"), who is respondent's predecessor in title.

On June 13, 2024, the circuit court entered an order sustaining respondent's objection and finding that neither agreement was subject to discovery in this case. The circuit court's order generally described the first document as a 2006 service contract detailing the services WVES would be providing WVA; and the second document was a 2021 settlement agreement between the same parties. The court found that the present case involved an action to quiet title and that neither document related to the Subject Property or its chain of title and, thus, the documents were irrelevant because they did not have the propensity to make any fact of consequence in the present case more or less probable.

However, after the circuit court's June 13, 2024, ruling, the two confidential documents were inadvertently placed in the case's public file and sent to petitioners' counsel through the circuit court's e-filing system. Once advised of this error, the circuit court immediately issued an order on June 14, 2024, directing counsel to "**DELETE** and **DESTROY**" those documents and prohibiting their dissemination to any other individuals, including counsel's staff and petitioners.

Later that day, the circuit court held a previously scheduled hearing on respondent's renewed motion for summary judgment. It was at this time that petitioners abandoned their

primary argument throughout the case by conceding that tracts two and three of their parcel fell within respondent's property and that it was no longer a contested issue of material fact. Instead, petitioners' sole argument in opposition to summary judgment was that the business agreements the court had recently excluded from discovery, inadvertently disclosed, and ordered to be destroyed, raised genuine issues of material fact regarding whether a joint venture, partnership, or agency relationship existed between respondent and WVES.

On July 8, 2024, the circuit court entered the order on appeal. In its order, the circuit court set forth a detailed recitation of the Subject Property's chain of title and found it to be undisputed. The court also noted that it was undisputed that tracts two and three of petitioners' parcel were wholly located within the Subject Property, the chain of title established that those two tracts had been excepted from a prior conveyance to WVES, and that WVES had no title from which to convey those tracts to petitioners through the August Deed. Thus, it was determined that respondent held the exclusive legal title to the Subject Property.

The July 8, 2024, order also rejected petitioners' joint venture, partnership, and agency argument regarding the business agreements. Here, the court reiterated its prior rulings on this issue, noting it had already determined that the documents were not subject to discovery in this case, and that it had ordered the documents to be destroyed after they were inadvertently disclosed. The circuit court further found that even if the documents had been considered they would not preclude entry of summary judgment in favor of respondent. On this issue, the court found that there was no language in either document or the subject deeds to show that petitioners' tracts were acquired or transferred in the name of any partnership between respondent and WVES and, thus, no genuine issue of material fact existed. This appeal followed.

On appeal, petitioners raise multiple assignments of error. At their crux, they all assign some form of error to the circuit court's rulings with respect to the business agreements between respondent and WVES. Therefore, we have combined and restated those issues for ruling in this appeal. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating the general proposition that related assignments of error may be consolidated for ruling); *Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *1 n.2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues); *Perry v. Ravenscroft*, No. 24-ICA-134, 2024 WL 5002991, at *3 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (consolidating and restating petitioner's assignments of error on appeal). Restated, the issues raised on appeal are whether the circuit court erred in its rulings with respect to the business documents, as well as whether the business documents create a genuine issue of material fact to survive respondent's motion for summary judgment. We will address these issues in turn.

Petitioners contend that the circuit court erred when it sustained respondent's objection to disclosing the business agreements in discovery, as well as ordering the documents to be destroyed after their accidental disclosure. "Generally this Court reviews a circuit court's ruling on a discovery request for an abuse of discretion." *State ex rel. Ward v. Hill*, 200 W. Va. 270, 275, 489 S.E.2d 24, 29 (1997). On these issues, petitioners contend that the documents were relevant and admissible evidence regarding their joint venture, partnership, and agency claims against respondent and WVES, and that a liberal application of the West Virginia Rules of Civil Procedure warranted disclosure. We find no merit in these assertions.

Rule 26(b)(1) of the West Virginia Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" A court's consideration of relevant evidence within this Rule has been explained as follows:

> The question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried. However, under Rule 26(b)(1) of the West Virginia Rules of Civil Procedure, discovery is not limited only to admissible evidence, but applies to information reasonably calculated to lead to the discovery of admissible evidence.

Syl. Pt. 4, *State Farm Mut. Auto. Ins. Co. v. Stephens*, 188 W. Va. 622, 425 S.E.2d 577 (1992). Also, "[t]he party seeking to prevent discovery has the burden of showing the requested information is not relevant." *State ex rel. Montpelier U.S. Insur. Co. v. Bloom*, 233 W. Va. 258, 272, 757 S.E.2d 788, 802 (2014) (quoting Cleckley, Davis, & Palmer, *Litigation Handbook* § 26(b)(1), at 690).

Considering these principles, we cannot conclude that the circuit court abused its discretion on this issue. Respondent objected to the production of these documents on the basis of confidentiality, privilege, and relevancy to the case. After reviewing respondent's privilege log in camera, the circuit court entered an order on June 13, 2024, generally describing the nature of the documents and finding that the documents were not relevant to the present case. In support of that determination, the court agreed with respondent and found that nothing within the four corners of either document was germane to the determination of any of the claims, defenses, or counterclaims raised as a result of the underlying action to quiet title. This Court has reviewed the privileged documents, and we find no reason to disturb the court's discovery ruling as set forth in its June 13, 2024, order. Similarly, we decline to disturb the circuit court's directive for petitioners' counsel to destroy the documents after they had been inadvertently disclosed. Other than contending that the documents create a genuine issue of material fact, petitioners cite no authority

which states that a court cannot require a party to destroy inadvertently disclosed confidential documents.[3] We affirm the circuit court on this issue.

Petitioners' final contention is that the business agreements create a genuine issue of material fact, making the court's entry of summary judgment inappropriate. We disagree and conclude that even if the business documents had not been excluded from discovery, their existence would not have overcome respondent's motion for summary judgment.

In West Virginia, it is well established that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply, and that standard states, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting Syl. Pt. 2, *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995).

As our Supreme Court of Appeals has stated:

Roughly stated, a "genuine issue" for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trialworthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

Syl. Pt. 5, *Jividen v. Law*, 194 W. Va. 705, 461 S.E.2d 451 (1995). Specifically,

the party opposing summary judgment must satisfy the burden of proof by offering more than a mere "scintilla of evidence" and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. The evidence illustrating the factual controversy cannot be conjectural or problematic. It must have substance in the sense that it limns differing

---

[3] Moreover, we find petitioners' joint venture, partnership, and agency contentions perplexing when considering that petitioners' lone counterclaim was for unjust enrichment and there is nothing within the complaint or answer alleging that such a relationship between respondent and WVES existed.

versions of the truth which a factfinder must resolve. The evidence must contradict the showing of the moving party by pointing to specific facts demonstrating that, indeed, there is a "trialworthy" issue. A "trialworthy" issue requires not only a "genuine" issue but also an issue that involves a "material" fact.

*Williams*, 194 W. Va. at 60, 459 S.E.2d at 337 (citations omitted).

After reviewing the evidence in a light most favorable to petitioners, we conclude that they have failed to establish the existence of a trialworthy issue. This was an action to quiet title and the undisputed facts established that petitioners did not have good title to the tracts of their parcel which encroached upon respondent's property. This dispositive fact was established by the parties' expert opinions and, critically, was conceded by petitioners. Additionally, as the circuit court aptly observed, there was nothing within the chain of title or the business documents which provided any indicia of any relationship between respondent and WVES as framed by petitioners. As such, we find no error in the circuit court's entry of summary judgment in this case.

Accordingly, we affirm the circuit court's July 8, 2024, order.

Affirmed.

**ISSUED:** June 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

6